Good morning, Your Honors, Counsel. My name is Mark Adams, and I represent Thomas Chang, the appellant in this case, this criminal case. In this case, the district court misused the relevant conduct concept to select a far more serious guideline with respect to count two, the count two of conviction, than would be fair under the circumstances given the counts of conviction. Mr. Chang was charged in two counts arising out of the same course of conduct. Count one charged him under Title 21-960-D-6 with an importation of pseudoephedrine, a precursor chemical for the manufacture of methamphetamine, in violation of certain regulatory statutes. 957, which requires that he, as an importer, register with the Drug Enforcement Administration. And then 971, which further requires that he give 15 days' notice prior to the importation. On that count, the district court selected Guideline Section 2D-3.1, the appropriate guideline section, given the knowledge element of 960-D-6, vis-à-vis the other sections under 960-D, which contain knowledge requirements, knowledge, in other words, importation intending to manufacture methamphetamine or knowing that some dangerous drug would be manufactured with the imported substance. But the court went to essentially 960-D-7 is what it did. In fixing the sentence on count two, that's correct, Judge Fernandez. And I think that's where the issue lies. I've seen something unfair about when they got specific, they tagged him with 960-D-6 when they got very loose on their count, that is, on the importation, on the smuggling. The 545 count. Then they kicked back to 960-D-7. And it's coming out of the same set of facts. It's the same situation. Why in the world didn't they charge D-7 in count one if they really thought they could prove that? That's your argument, right? Precisely. Yes. At the end of the day, of course, the problem is, I mean, I guess what you have to answer to make us comfortable with that, at the end of the day, of course, he is not sentenced really under D-7. He's sentenced under the smuggling statute. It just happens that it gives him the maximum under the smuggling statute, right? Right. But I think. Yes, sir. That is. So when he commits the smuggling crime, he knows then if we were in a different world, that is, if we were in the non-guideline world, the district judge could have given him five years at the time he committed the crime, right? True. So the thing is, therefore, is it unfair for the judge to give him five years by looking at D-7? That's really what it comes to, right? It just seems wrong sometimes. Yes, sir. It is. And I think that it is, in fact, wrong when we look at Guideline Section 1B1.2. And that's the section that guides us as to how to select the applicable guideline and then when to use relevant conduct. Under 1B1.2a, we determine the proper or applicable guideline. And then under 1B1.2b, you use relevant conduct to establish the range within the guideline here. The problem here, that doesn't apply, right? Well, the Court went in reverse. The Court used. Well, because the Code's. The Code is difficult to. It tells him to go in reverse, does it not? I don't think it does. Well, it tells him he can go in reverse. It doesn't say do relevant conduct first. It says you can do it a second. It says you can do it first, right? I disagree, Judge. I think that. Does it matter? Under 2. I think it does matter. Under 2T3.1c, the Court is, if it's a contraband item, is governed by the applicable guideline. And the applicable guideline here is a regulatory guideline under 2D3.1, because under the 545 count, the importation of merchandise, it is also charged as a regulatory offense, in that Mr. Cheney violated the regulations at Title 19, 1484 and 1485, which mandate that he append a truthful declaration. I understand. When I said does it matter, what I meant was do you lose if the answer comes out, no, it's not the 1B approach, this approach is okay, the judge can do relevant conduct first. I don't think so. Do you lose then? That's what I meant, does it matter. No, I don't think so. As far as you're concerned, whether he does it first or second, it comes out the same answer, right? I think that it should, yes, because I think that in selecting the applicable guideline. It should, meaning in the best of all worlds that would happen? In a fair world, yes, it does. What about under the law? Under the law, it does also, Judge Reinhart, thank you. Because the judge is obligated to look at the count of conviction and the offense of conviction, and Mr. Cheney was convicted of regulatory offenses in both count one, the 960 count, the narrowly drawn count, and in count two. The regulation in count two being the violation of the obligation that he put a truthful customs declaration on the packaging when it is imported. The judge selected the more expansive and the broader guideline section that he knew that it was manufacturing meth. Smuggling isn't just regulatory, right? I mean, it can have all kinds of consequences, and that's what's meant. I mean, that's why they don't give you just one guideline. For example, let's say he imported the meth this way, and there's evidence, and he started selling it. It wasn't meth. It was a pseudo-effigy. And there's evidence that he immediately started selling it off to meth manufacturers, okay? Now, for some reason, the government charges smuggling. Would your argument be the same? Yes, it would. It would, because it's a regulatory offense. Even then they go. So if they charge him with the selling it to manufacturers in count one, then you'd be okay with him not doing that in count two? Or would you still say under smuggling he still is only regulatory? Well, there he's charged and he's on notice, that they're charging him with having knowledge that there's going to be a manufacturer of meth. But the notice problem? It's not a guideline problem. It's a notice problem. Well, I think it's a guideline problem that is also a notice problem here, because the government could have charged him under the guideline section, the section that would have implicated the guidelines under 2D1.11, and they chose not to do that. So if in count one they had put D7 as opposed to D6, the end, right? Your case is over on your theory? Yes, sir. Okay. Yes, sir. If there are no more questions, I'll submit. Thank you. Good morning, Your Honors. May it please the Court. Renee Bunker on behalf of the United States from the Southern District of California. And as the Court indicated, the issue here lies with count two, not with count one. And smuggling under Section 545 is indeed not just a mere regulatory statute. The relevant conduct in this case, the district court did exactly what it's supposed to do, and that is consider all of the relevant conduct involved in the offense in preparation for the offense, et cetera. This case simply raises the immemorial tension between real offense sentencing and charged offense sentencing once again. And the commission and Congress and this Court repeatedly comes down with real offense sentencing, in which case all of the defendant's relevant conduct under 1B1 should have been considered by the district court and was considered by the district court. It doesn't matter whether the government charged 960D6, 960D7, 841F, I believe it was, or 959, the manufacturing statute. With all due respect, in a quick research run last night of this panel, every member of this panel appears on a Senate and appears either having authored or joined an opinion in which conduct that is either unlawfully charged and or unavailable, for instance, statute of limitations, relevant conduct going to a charge barred by the statute of limitations may be considered by the Court, relevant conduct that is uncharged may be considered by the Court, relevant conduct that has been charged and dismissed may be considered by the Court. Indeed, relevant conduct of a charge for which a defendant was acquitted may be considered by the Court, properly so. And in that, under those circumstances, the district court in this case properly consider all of the defendant's conduct, most important, his testimony at trial in which he took the stand and stated that it was he who, with regard to the section 545, importation and transportation or facilitation of transportation, knowing the pseudoephedrine was imported, contrary to law, this is all about unlawful importation and the fraud, the, quote, regulatory piece of 545 in this offense. The mere regulatory violation is the false statement on the Customs Declaration. But in this case, it's willful. The Court found, in fact, that it was clandestine. It fits the mens rea. It's knowingly. It was purposeful. It was intentional. We designed to conceal, cover up the unlawful importation. The problem that makes it seem unfair is that one says to oneself, look, you folks knew the facts. The government knew the facts of this case from day one. And if they really wanted to tag this guy, why didn't they just put a reference to Part 7 in Count 1? What they've done, I guess the argument would be, is something kind of slippery. They've avoided having to prove beyond a reasonable doubt that he really did that by somehow sneaking it through the back door of smuggling through an interesting analysis of the cross-reference in 2T3.2, which says that if the contraband oven is covered by another offense guideline, apply that guideline. Now, that could kick you to either of the other two guidelines. Could. Right? And I think that's what they're saying seems to be the unfairness in it, that somehow you, knowing all the facts, or government knowing all the facts, has avoided having to prove the hard case, but has slipped it in the back door. Want to answer that? Your Honor. That's the claim, I think. I heard that claim from defense counsel. And with due respect, that really isn't the government wasn't backdooring any type of charge here. We went and charged the most readily provable offense. And as the investigation continued, we added what became Count 1, and all along had charged Section 545. We had all along charged Section 960d6 and also argued that given the knowingly and knowing an intentional violation of 960d6 and 957, that that two periods of 10 years, however We didn't put it in B7, right, which is what you say he really did. No. We did not charge 960d7, and that statute came up at sentencing with regard to relevant conduct. But that's what you say he really did. He really did a B7, but you didn't charge it. Right? I'm sorry? He really did. He really did do a paren, 7 paren, but you didn't charge it. He charged a 6 instead. I mean, that is your position, right? No, Your Honor. No? He didn't really do the 7? Oh, indeed. He violated 960. He violated 960d7. As I said, he really did. He violated 959. The defendant violated 960d6. The most important to count to, however, is that he violated section 545 by importing the merchandise, pseudoephedrine, contrary to law, with respect to 1484 and 1485. What the What in the world is he thinking about? What in the world is he thinking about is that you presumably had the facts that demonstrated that he did come he did do a D7. But when you charged count 1, you mentioned D6 instead and not D7. That's what they're saying is unfair, that you knew it was a D7 and you're getting him sentenced as close to a D7 as you possibly can, but really you only charged a D6 in count 1. That's the argument. He may have had a very different case at sentencing had the defendant not added substantially to the relevant conduct that was appropriately considered by the district  court when the defendant took the stand. And he talked about the apartment, Sukasa apartment in Malaysia that he rented. And he talked about his repackaging. None of that is in the record up until the defendant took the stand. And he talked about stripping down the bottles that all we had was the actual plastic container that Special Agent Sitiksar had brought from Malaysia. But it was the defendant who explained that it was him and his employees of Resource International that stripped off the ceiling and the packaging and took out the warnings. He, the defendant, testified about going out and buying a vacuum-packed sealing machine. None of this was part of the government's case or available or introducible, anyway, part of the government's case prior to the defendant taking the stand. Are you saying this was a surprise to the government? Some of it was a surprise to the government. Some of it the government wouldn't have been able to introduce, given that some of the witnesses regarding the apartment were in Malaysia and we had no access and no way to subpoena certain witnesses, so or to verify some of the evidence that the defendant, about which the defendant testified. And some of it, indeed, was a complete surprise. And the district court appropriately considered all of the relevant conduct, that about which the defendant testified and that which the district court found to be fraudulent. I mean, he used the district court, used the word clandestine. The defendant purposefully, falsely called this pseudoephedrine foot odor powder and he did so to conceal. And the district court made very clear findings. And in this case, whatever, Congress and the commission and the Supreme Court with Apprendi, they've considered this sort of lack of fairness that arguably exists in the relevant conduct guidelines. And it's the statutory maximum that protects the defendant against the due process violations and that sort of lack of fairness that appears when relevant conduct is factored into sentencing for charges that the defendant hasn't been convicted of. And the defendant here was punished to no more than 5 years. That's the statutory maximum for 545. It's well below the statutory maximum for Section 959. 10 years is the statutory maximum for 960d6 and 960d7. And therefore, there's no, as the Court indicated, there is no notice violation here.  But it's in the statute itself that the guideline was above it. And... Kennedy, the guideline was way above the maximum, wasn't it? The guideline for 2d1.5. The guideline sentence you came up with. Yes. It was above the --. I can't remember what it was. I didn't say above. It was way above. It was considerably above the 16-month maximum for Section 545. Not considerably above the 960d6 and 960d7 maximum of 10 years where the defendant – where the government hasn't shown that the defendant intended or knew that the pseudo-fraud was to be used to manufacture a controlled substance. That's the 10-year statutory maximum. Counsel, what's your response to opposing counsel's argument that the relevant conduct should not take more precedence than the statutorily charged offense? What's your response to that argument? This Court, the Supreme Court, the Commission, the guidelines, some have called it, I believe I read a quote last night, extraordinary, was what one court referred to the inception of the guidelines relevant conduct statute, this concept that relevant conduct may be considered to the exact same degree as conduct for which the defendant was charged for purposes of sentencing, that the standards with regard to criminal liability and conviction are not the same for the Court's considerations with regard to relevant conduct. Indeed, it's an exception for the Court to disregard relevant conduct. Thank you, counsel. Thank you, Your Honor. May I respond? Yes. Your Honor, it's correct that the statutory maximum on the 545 count, count 2, is 5 years. But the guidelines as analyzed by the district court came out to 121 to 151 months based on a criminal history category of 1. And that was starting at level 30 using the 2000 guidelines. Those have now been amended, and one would start at level 38 given the facts of this particular case. So well above is absolutely accurate. The government did have in its arsenal of proof before the case went to trial evidence under the 960D7. Their drug agent, Agent Saar, in Malaysia had met with the chemical company, and he knew how the pseudoephedrine was packaged when it was purchased. The agents in San Diego knew how it was packaged when they discovered it was packaged in bulk. Thank you. Thank you, counsel. Case to history will be submitted.
judges: Reinhardt, Fernandez, Rawlinson